Filed 7/27/23  P. v. Charles CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B323341 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA028815-01 |
| LEONARD VANNESS CHARLES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles Count, Eleanor J. Hunter, Judge. Affirmed.

Stanley Dale Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, we review this appeal from an order denying a petition for resentencing. We affirm.

## PROCEDURAL BACKGROUND

On January 14, 1991, the People charged appellant alone by information with one count of murder under Penal Code section 187, subdivision (a) and firearm use enhancements pursuant to Penal Code[1] section 12022.5. On January 30, 1992, appellant pled guilty to second degree murder as alleged in the amended information and pursuant to *People v. West* (1970) 3 Cal.3d 595. The trial court eventually sentenced appellant to an indeterminate term of 15 years to life in state prison.

The facts underlying the conviction involve a shooting at a bowling alley. The homicide victim was at the bowling alley with friends. A group of males including appellant walked into the alley. Once inside, they confronted some of the male patrons. During the confrontation someone pulled a handgun from his waistband and fired it once. The bullet struck and killed the victim. Appellant and the others fled the scene.

Appellant was arrested and placed in an interview room with one of his friends. Their conversation was recorded. Appellant told his friend, "I know I'm going to jail because I murdered the lady." He also said, "You know the only reason I busted was because the homies kept saying 'bust.' " "Bust" means "to shoot and to kill." ~(CT 248)~

On January 12, 2022, appellant filed a petition for resentencing pursuant to section 1172.6 (renumbered from § 1170.95 by Stats. 2022, ch. 58, § 10, effective June 30, 2022.).

---

[1] Undesignated statutory references are to the Penal Code.

The trial court appointed counsel, issued an order to show cause, and set an evidentiary hearing. At the hearing the trial court admitted into evidence without objection the transcript of the preliminary hearing, from which we draw the facts. It also received appellant's live testimony that he did not fire any gun into the crowd and only admitted that he did so because of threats from one of his fellow gang members. The trial court ultimately denied the petition on the ground that appellant was the actual shooter. Appellant filed a timely notice of appeal.

We appointed counsel to represent appellant on appeal. On May 18, 2023, counsel filed a no-issue brief pursuant to *People v. Delgadillo*. Counsel advised us he told appellant he may file his own supplemental brief within 30 days. Counsel sent appellant transcripts of the record on appeal as well as a copy of the brief.

On May 18, 2023, this court sent appellant a notice that a brief raising no issues had been filed on his behalf. We advised appellant he had 30 days within which to submit a supplemental brief or letter stating any ground for appeal he believes we should consider. We also advised appellant that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

Appellant filed a supplemental brief. He contends he was improperly found guilty of second degree *felony* murder in violation of Senate Bill No. 1437. We disagree. The record reflects appellant was prosecuted and convicted as the actual killer.

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with

the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) In addition to substantively amending sections 188 and 189, Senate Bill No. 1437 added section 1170.95 (now § 1172.6), which provides a procedure to retroactively seek relief for convicted murderers who could not be convicted under the law as amended. (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) An individual who personally killed the victim is not entitled to resentencing relief. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 233 [defendant "not entitled to any relief under section 1172.6" because he "was the actual killer and the only participant in the killing"]; *People v. Lopez* (2022) 78 Cal.App.5th 1, 4 [actual killer refers to someone who personally killed the victim].) Appellant was the sole defendant charged in the information. He was prosecuted as the actual shooter. He is not entitled to resentencing relief under section 1176.2.

We are not otherwise required to conduct an independent review of the record in an appeal from an order denying a petition for resentencing filed pursuant to section 1172.6 and we decline to do so. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 226.)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

VIRAMONTES, J.

5